# CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------

AUTOMOTIVE LIFT INSTITUTE, INC.

v.

NO. ____5____ : ____17__ CV _192 (MAD/ATB)_

AUTOMOTIVE COMPLIANCE CONSULTANTS, INC.

-----------------------------------------------------

**IT IS HEREBY ORDERED that,** pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable _Andrew T. Baxter_, United States Magistrate Judge on ____May 22____, _2017_ at _10_ : _A_ M. at the United States Courthouse, Room No _____, at _Syracuse_, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) conference, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than seven (7) **days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the _1st_ day of _September_, _2017_.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the _1st_ day of _September_, _2017_.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the _1st_ day of _February_, _2018_. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the _1st_ day of _April_, _2018_. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the __1st__ day of __May__, __2018__. It is anticipated that the trial will take approximately __3__ days to complete. The parties request that the trial be held in __Syracuse__, N.Y.
**(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:**   ☐ (YES)   ☑ (NO)

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

YES TO ALL THE ABOVE.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Plaintiff has registered 6 separate copyright registrations for warning labels it created. Defendant created identical warning labels, removing the copyright symbol © and replaced it with Defendant's logo. Defendant made the labels available to customers violating Plaintiff's copyright. Defendant's position is that it was unaware that its conduct constituted infringement and that its actions were incorrect. Defendant further claims that Plaintiff's copyrights are invalid and/or unenforceable. Defendant finally allege that Plaintiff has suffered no damages.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

1. Whether Plaintiff has a valued copyright ownership in the labels
2. Whether Defendant violated Plaintiffs copyright
3. Whether Plaintiff suffered any damages and the amount of such damages
4. Whether Defendant has any valid defenses

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

Unknown at this time

## 11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?

Injunction and lost profits or statutory damages and attorney's fees and costs

## 12) DISCOVERY PLAN:

### A. Mandatory Disclosures

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least seven (7) days prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

### B. Subjects of Disclosure

The parties jointly agree that discovery will be needed to address the following subjects:

Plaintiff:
1. How Defendant created its labels and whether Defendant used an outside source to create said labels
2. Names of Customers to whom Defendants provided its labels
3. Name(s) of any employees and/or independent contractors who provided and/or sold said labels.

### C. Discovery Sequence

**Describe the parties' understanding regarding the timing of discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.**

Plaintiff:
1. Mandatory Discovery
2. Written Discovery
3. Depositions

### D. Written Discovery

**Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.**

Plaintiff:
1. Interrogatories & Document Demands
2. To be served immediately following the conference
3. Witnesses, relevant documents and other information related to Plaintiff's case and Defendant's defenses
4. Plaintiff will not exceed permitted number of interrogatories

### E. Depositions

**Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.**

Four to six depositions to include (1) a party representative; (2) any employees and/or independent contractors of Defendant who provided the labels to customers; (3) customers who were given or sold the labels; and (4) non-party witness(es) who created the labels (if not created by Defendant)

### F. Experts

**Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).**

Plaintiff does not believe an expert is necessary unless/except to identify the similarities between the copyright protected labels and the labels created by Defendant.

### G. <u>Electronic Discovery</u>

**Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.**

Plaintiff: N/A

### H. <u>Protective Orders</u>

**If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.**

Plaintiff: N/A

### I. <u>Anticipated Issues Requiring Court Intervention</u>

**Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.**

Plaintiff: Unknown at this time

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

Plaintiff: Unknown at this time

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

Plaintiff: N/A

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

1    2    3    4    5    **(6)**    7    8    9    10
(VERY UNLIKELY)➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ (LIKELY)

CANNOT BE EVALUATED PRIOR TO ___February 1, 2018___ (DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

Plaintiff: Unknown at this time

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - Subject to Mandatory Mediation under General Order #47.*